CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 0 8 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE ELDRIDGE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No. 7:05-CV- 00342<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Petitioner George Eldridge brings this motion to correct his sentence pursuant to 28 U.S.C. § 2255, claiming that the recent Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005), renders his sentence illegal. However, the Court did not make its decision in Booker applicable to cases on collateral review; therefore, the court will file and dismiss this motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**I.**

Eldridge challenges his 175-month sentence for making false statements and fraudulent use of a social security number[1] under the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). Though the Court held that Booker applies to the Federal Sentencing Guidelines and to cases on direct review, it did not make Booker retroactive to cases on collateral review. Booker, 125 S. Ct. at 769. Therefore, the Court's decision in Booker is not applicable to Eldridge's motion under § 2255 ¶ 6(3), and the court dismisses his

---

[1] Eldridge pleaded guilty, and the court entered judgment August 29, 1997. Eldridge appealed his conviction, and the Fourth Circuit affirmed his sentence on July 2, 1998. Eldridge then filed a petition for certiorari at the United States Supreme Court on November 16, 1998, which the Court denied on January 11, 1999.

motion.[2]

## II.

For the reasons stated, the court files and dismisses Eldridge's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

ENTER: This __7th__ day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, Eldridge's petition is untimely. Pursuant to 28 U.S.C. § 2255, a petitioner must file his motion within one-year from the date his conviction becomes final. See 28 U.S.C. § 2255 ¶ 6(1). Assuming that the Supreme Court considered Eldridge's petition for certiorari timely, his conviction became final on January 11, 1999, when the Court denied his petition for certiorari, see Clay v. U.S., 537 U.S. 522, 525 (2003), meaning he had until January 11, 2000, to file a § 2255 petition. Eldridge did not meet this deadline, and he does not meet any of the conditions allowing for a later commencement of the statutory period. See 28 U.S.C. § 2255 ¶ 6(1).

2

Case 7:05-cv-00342-SGW-mfu    Document 2    Filed 06/08/05    Page 2 of 2    Pageid#: 25